**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**

SUSAN MINALLA,                                            CASE NO.: 1:21 CV 20018

        Plaintiff,

v.

FIRSTSERVICE RESIDENTIAL FLORIDA, INC., a Florida profit corporation,

        Defendant.
_____/

## COMPLAINT

COMES NOW, Plaintiff, Susan Minalla, by and through undersigned counsel, hereby sues Defendant, FirstService Residential Florida, Inc., and as grounds alleges:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this matter, under 28 U.S.C. § 1331, because the claims asserted herein arise under the laws of the United States.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to the Plaintiff's claims occurred in this judicial district, and Defendant FirstService Residential Florida, Inc. has its principal place of business in this district.

## THE PARTIES

3. Plaintiff, Susan Minalla, is a resident of Miami-Dade County, Florida. At all material times, Plaintiff worked for Defendant FirstService in Miami-Dade County, Florida.

4. Plaintiff was employed for at least 12 months by Defendant FirstService and for at

least 1,250 hours of service with the Defendant during the previous 12-month period, and, at all material times, was an "eligible employee" of Defendant as defined under 29 U.S.C. § 2611(2).

5. Defendant, FirstService Residential Florida, Inc. ("FirstService"), is a Florida profit corporation located in Broward County, Florida and doing business in Miami-Dade County, Florida.

6. Defendant is engaged in commerce and employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year and is an "employer" as defined under 29 U.S.C. § 2611(4).

## FACTUAL ALLEGATIONS

7. Plaintiff, Susan Minalla, began her employment with Defendant, FirstService, on or around July 9, 2018 as an administrative assistant/front desk team lead.

8. On January 1, 2019, Plaintiff began working as assistant property manager at Gables Waterway Towers.

9. On Saturday, July 4, 2020, Plaintiff contacted Defendant FirstService, by text message to her immediate supervisor, Jesus Alvarez, regarding her development of a protected serious health condition.

10. Plaintiff informed Jesus Alvarez that she was running a 102.4-degree fever was suffering from body aches and fatigue and was scheduled to be tested for COVID-19 infection, on Monday, July 6, 2020.

11. Plaintiff asked Jesus Alvarez if she needed to do anything further.

12. Jesus Alvarez stated that he would speak to Ana Maria Navia, Defendant FirstService's Regional Director, and would get back to her with further direction.

13. Jesus Alvarez directed her to stay home until she received the results of her

THE HALL LAW FIRM, P.A. | 2665 S. BAYSHORE DR., PH 1, MIAMI, FLORIDA 33133 | P. 305.374.5030 | F. 305.374.5033

COVID-19 infection test.

14. On Monday, July 6, 2020, Plaintiff went to a walk-in clinic and took a COVID-19 infection test. Plaintiff was told by the practitioner that her symptoms were consistent with COVID-19 and that she should quarantine while awaiting the test results. Plaintiff, immediately, informed Jesus Alvarez that she had taken the COVID-19 infection test.

15. On July 7, 2020, Plaintiff informed Jesus Alvarez that her fever had risen to 104.9 degrees the previous night.

16. On July 8, 2020, Plaintiff informed Jesus Alvarez that her fever has risen to 105.4 degrees the previous night.

17. On July 8, 2020, Plaintiff at Jesus Alvarez's direction called Defendant FirstService's human resources director Aracelis Ramos via telephone. Ms. Ramos did not answer the call. Plaintiff left Ms. Ramos a voice message.

18. On July 9, 2020, Plaintiff spoke with Defendant FirstService's human resources director Aracelis Ramos via telephone about her condition, providing all details of her condition that she had previously provided to Jesus Alvarez.

19. Plaintiff's illness qualified and/or potentially qualified as a serious health condition, as contemplated by 29 C.F.R. § 825.115.

20. Plaintiff was eligible for the rights and protections afforded by the Family and Medical Leave Act, 29 U.S.C. § 2601, et seq. ("FMLA").

21. At no point after being put on notice of a potentially qualifying serious medical condition did Defendant FirstService notify Plaintiff of her rights under the FMLA or initiate the FMLA process in any fashion.

THE HALL LAW FIRM, P.A. | 2665 S. BAYSHORE DR., PH 1, MIAMI, FLORIDA 33133 | P. 305.374.5030 | F. 305.374.5033

22. On July 10, 2020, Jesus Alvarez asked Plaintiff if she had received her COVID-19 test results. Plaintiff responded that the test results were taking five to seven days to be returned. Plaintiff advised that she was still feeling the same level of illness.

23. On July 11, 2020, Plaintiff advised Jesus Alvarez that her fever was 100.8 degrees and that she had still not received results back.

24. On July 13, 2020, Plaintiff advised Jesus Alvarez that she had not yet received her test results.

25. On July 14, 2020, Plaintiff advised Jesus Alvarez that she had contacted the clinic hotline and requested information on her COVID-19 test results. She reported that she was told that her sample was at the testing laboratory but had not been processed. She advised that her fever was still persistent throughout the day and higher at night.

26. On July 15, 2020, Plaintiff advised Jesus Alvarez that her fever was 103.6 degrees. Further, Plaintiff stated that she called the clinic hotline again about her test results and was told the wait time for results had increased to six to ten days.

27. On July 16, 2020, Plaintiff advised Jesus Alvarez that she still had not received her test results.

28. On July 17, 2020, Plaintiff advised Jesus Alvarez that she still had not received her test results.

29. On July 18, 2020, Plaintiff went to a COVID-19 testing site and was against tested for the infection.

30. On July 19, 2020, Plaintiff spoke to Jesus Alvarez via telephone and they discussed how the Plaintiff was feeling and to advise that the Defendant would pay the Plaintiff the days off without affecting her personal time off.

THE HALL LAW FIRM, P.A. | 2665 S. BAYSHORE DR., PH 1, MIAMI, FLORIDA 33133 | P. 305.374.5030 | F. 305.374.5033

31. On July 20, 2020, Plaintiff called Defendant FirstService's human resources director, Aracelis Ramos, via telephone and left her a voice message, stating the status of her medical condition.

32. Also, on July 20, 2020, Plaintiff advised Jesus Alvarez that she had left a voice message for Aracelis Ramos and that she was still experiencing persistent fever.

33. On July 21, 2020, Plaintiff advised Jesus Alvarez that she was still experiencing fever, body aches, and fatigue, and had not received her test results.

34. On July 23, 2020, Plaintiff advised Jesus Alvarez that her COVID-19 test results had been returned negative, but that she was still experiencing a low-grade fever. Plaintiff asked him for instructions on contacting human resources. Mr. Alvarez simply directed her to call human resources.

35. Subsequently, on July 23, 2020, Plaintiff spoke to Aracelis Ramos and advised her that her COVID-19 tests had come back negative, but that she was still experiencing a low-grade fever. Ms. Ramos told her that she must be fever free for 72 hours without medication before she could return to work.

36. On July 24, 2020, Plaintiff attended a teleconference appointment with her physician to discuss her illness. Plaintiff was informed that she could still have COVID-19 despite receiving negative test results. Plaintiff was instructed to go to a lab for blood work and have a chest x-ray taken. Further, Plaintiff was instructed not to return to work as long as the fever persisted.

37. Subsequently, on July 24, 2020, Plaintiff advised Jesus Alvarez that she attended the appointment with her doctor and reported to him what her doctor had told her as set forth in the preceding paragraph and that she was to get blood work and a chest x-ray. She, further, advised

that the doctor would be providing a letter explaining that she was under his care.

38. On July 27, 2020, Plaintiff advised Jesus Alvarez that she continued to suffer from a low-grade fever. Plaintiff sent Jesus Alvarez an email attaching the letter from her doctor and his laboratory orders.

39. On July 28, 2020, Plaintiff advised Jesus Alvarez that she was having difficulty finding a laboratory to get the tests ordered by her doctor done because the laboratory test sites were not permitting walk-in testing and required appointments. She stated that the first available appointment she had found was August 14, 2020.

40. On July 29, 2020, at her pleaded request, Plaintiff was able to get the laboratory orders completed at her doctor's office.

41. Also, on July 29, 2020, Plaintiff spoke to Ana Maria Navia, who requested that she go to Defendant's corporate office for a meeting the following morning.

42. On July 30, 2020, Plaintiff was not able to go to Defendant's corporate office because she still had a fever and did not have medical clearance. Instead, Plaintiff attended a telephone conference with Defendant's employees, Ana Maria Navia and Carolina Del Burgo. Ms. Navia and Ms. Del Burgo advised her that her position at Gables Waterway Towers had been eliminated due to budgetary issues and that she was being terminated as a result.

43. Subsequently, Plaintiff learned that her position at Gables Waterway Towers had not been eliminated and that her position had simply been filled by another of Defendant's employees, contrary to the statements of Ms. Navia and Ms. Del Burgo.

44. At the time of her termination, Defendant was on notice of Plaintiff's FMLA protected serious health condition and Defendant failed to give Plaintiff notice of his rights under the FMLA and interfered with and restrained his ability to utilize protected leave and terminated

THE HALL LAW FIRM, P.A. | 2665 S. BAYSHORE DR., PH 1, MIAMI, FLORIDA 33133 | P. 305.374.5030 | F. 305.374.5033

her in violation of the FMLA.

45. Defendant's actions were done maliciously, willfully, wantonly, and were done recklessly in an intentional action designed to retaliate against Plaintiff for engaging in statutorily protected conduct.

## COUNT I – FAMILY MEDICAL LEAVE ACT - INTERFERENCE

46. Plaintiffs reallege and incorporate by reference paragraphs 1 through 45 of this Complaint as if fully stated herein.

47. By the conduct described above, Defendant engaged in unlawful employment practices and interfered with Plaintiff's FMLA rights.

48. Under the FMLA, Plaintiff was entitled to take FMLA leave, and was entitled to reinstatement of her position upon her return from FMLA leave.

49. Defendant interfered with and denied Plaintiff's rights under the FMLA by, among other things, failing to notify Plaintiff of her eligibility to take FMLA leave; failing to provide notice, in writing, detailing the specific expectations and obligations of the Plaintiff regarding FMLA leave; failing to provide FMLA leave; terminating Plaintiff during statutorily protected leave; and failing to reinstate Plaintiff to her position following her return from statutorily protected leave as a result of her request for statutorily protected leave.

50. Defendant's actions constitute violations of the FMLA.

51. As a result of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, Susan Minalla, prays for judgment against the Defendant, FirstService Residential Florida, Inc., for the following damages: back pay and benefits; interest on back pay and benefits; front pay and benefits; liquidated damages; injunctive and/or equitable

THE HALL LAW FIRM, P.A. | 2665 S. BAYSHORE DR., PH 1, MIAMI, FLORIDA 33133 | P. 305.374.5030 | F. 305.374.5033

relief; reinstatement; costs and attorney's fees pursuant to 29 U.S.C. § 2617(a)(3); for any other relief this Court deems just and proper.

## COUNT II – FAMILY MEDICAL LEAVE ACT - RETALIATION

52. Plaintiffs reallege and incorporate by reference paragraphs 1 through 45 of this Complaint as if fully stated herein.

53. Plaintiff engaged in FMLA statutorily protected conduct by seeking employment leave while she suffered from a serious medical condition.

54. As a direct and proximate result of Plaintiff's statutorily protected conduct in seeking employment leave while suffering from a serious medical condition, Defendant FirstService terminated Plaintiff from her position.

55. By terminating Plaintiff from her position for engaging in statutorily protected conduct, Defendant FirstService discriminated against the Plaintiff in violation of the FMLA.

56. Defendant FirstService's actions constitute violations of the FMLA.

57. As a result of Defendant FirstService's unlawful actions, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, Susan Minalla, prays for judgment against the Defendant, FirstService Residential Florida, Inc., for the following damages: back pay and benefits; interest on back pay and benefits; front pay and benefits; liquidated damages; injunctive and/or equitable relief; reinstatement; costs and attorney's fees pursuant to 29 U.S.C. § 2617(a)(3); for any other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Susan Minalla, requests a jury trial on all issues so triable.

Dated: January 4, 2020

THE HALL LAW FIRM, P.A. | 2665 S. BAYSHORE DR., PH 1, MIAMI, FLORIDA 33133 | P. 305.374.5030 | F. 305.374.5033

Respectfully Submitted,

**THE HALL LAW FIRM, P.A.**
*Attorneys for Plaintiff*
2665 South Bayshore Drive, PH 1
Miami, Florida 33133
Telephone: (305) 374-5030
Facsimile: (305) 374-5033

By: /s/ Adam S. Hall
    ADAM S. HALL
    Florida Bar No. 109983
    E-mail: adamhall@hallpa.com
    ROARKE O. MAXWELL
    Florida Bar No. 044591
    Email: rmaxwell@hallpa.com